State of Maine *vs.* Intoxicating Liquors claimed by John C. ·Frank, appellant.

*Sale—evidence of. Intoxicating liquors —claimant can set up no right not specified in his claim.*

When goods have been sold and delivered and are in the vendee's possession, the same evidence is necessary to show a sale to the original vendor as would have been required to establish a sale from him.

The claimant of spirituous and intoxicating liquors seized under the search and seizure section of R. S., c. 27, can assert no right to the liquors seized except that specifically set forth in his written claim filed with the magistrate before whom the proceedings are pending.

On exceptions.

Search and seizure process against James McCann and certain liquors which were claimed by John C. Frank as the property of Thomas J. Dunbar & Co., of Boston, of which firm the claimant is a member and made this claim in behalf of his firm.

After the introduction of the testimony on the part of the claimant, which is substantially set forth in the opinion of the court, the presiding judge ruled as follows:

"If the liquors were not intended for unlawful sale in this State it would become immaterial what the arrangement was between

McCann and Frank. For then, as between McCann and the liquors, McCann might defend them. But Frank comes as a claimant, and he must show that he had a title, otherwise he has no claim whatever. Now, it strikes me that these liquors were originally sold by Frank to McCann, no matter whether in viola-- tion of law or not, so far as this claimant is concerned. They were sold and delivered, and taken into possession by McCann, and he had sold from them a certain quantity. He says there was afterwards a resale to Frank. But it requires as much for a re- sale as for the original sale. There must be a delivery or some writing to take it out of the statute of frauds. Now, I do not see anything to take it out of the statute of frauds. All I see is the memorandum made upon the book, but that would not come with- in the statute. Therefore, for the purposes of this trial, I rule that it does not constitute a resale, and these claimants have no standing in this court." .

Upon this ruling a verdict was taken *pro forma* that the liquors were kept for unlawful sale, and the claimant excepted.

*F. A. Wilson*, for the claimant.

No memorandum was required as it was an executed and not an executory contract. *Bucknam* v. *Nash*, 12 Maine, 474.

The price of the resale was a cancellation of the debt. This was sufficient to complete the sale between seller and purchaser. *Ludwig* v. *Fuller*, 17 Maine, 162.

The relations of purchaser and seller are the only ones in this case. The State can raise no question as a second purchaser or creditor. A third party cannot invoke the application of the stat- ute of frauds for his own benefit. Brown on Stat. of Frauds, 3d ed. § 135; *Cahill* v. *Bigelow*, 18 Pick. 369; *Cowan* v. *Adams*, 10 Maine, 374.

It is not necessary under R. S., c. 27, § 36, that the claimant should have " title " in himself.

*H. M. Plaisted*, Attorney-General, *contra.*

APPLETON, C. J.   This was a proceeding under the search and seizure clause against James McCann for having liquors in his possession with intent to sell the same in violation of law.

The claimant, Frank, one of the firm of Thomas J. Dunbar & Co., wholesale liquors dealers, of Boston, Mass., sets up the title of his firm to the goods and asks for their return.   The only questions reserved for our consideration relate to the right of Frank to intervene in his own right or as a member of the firm of Dunbar & Co.

It is not denied that the liquors in controversy were sold by Dunbar & Co. to McCann in Boston, were shipped to Bangor and received by McCann, and that he took them into his possession.

The claimant, Frank, testified that when at Bangor, in April, prior to the seizure, McCann told him that he had received notice from the city marshal not to sell and wished him to take back the goods; that he finally determined to take them; that he told him (McCann) to put them in a safe place; that the liquors stand charged in the book of their firm to McCann; that no act was done but telling him that he would take them when the river opened; that they were then to be sent back; that he did not take a delivery of the goods; that there was no writing between him and McCann; that no credit was given McCann for these liquors, nor was there to be until they were returned to Boston and there gauged.

Upon this testimony the presiding justice held that there was no resale of the liquors to the firm of Dunbar & Co.   The facts were not in dispute.   Upon those facts, as fully stated by the claimant, the title to the liquors never revested in the firm of which he was a member.   In *Quincy* v. *Tilton*, 5 Maine, 277, it was held that where a sale has been made and perfected the same formalities are necessary to revest the property in the original vendor which were necessary to pass it from him to the vendee. Here was neither agreement in writing, delivery of the property, payment of the price or earnest, the giving of credit for the goods

resold, the taking them into possession, or any act done by which, upon the recognized principles of law, the title could pass.

It is true that by R. S., c. 27, § 36, the magistrate after the seizure of the liquors shall give due notice of the time and place of hearing the libel against the liquors so seized to all persons interested. By § 37, the claimants or persons interested " shall file with such magistrate such claim in writing, stating specifically the right so claimed and the foundation thereof, the items so claimed," etc., etc. This the claimant has done. He asserts no title but as owner. If not owner, he has no right whatever to the liquors seized, or to any portion of the same, or to the possession. The claim as set forth is completely negatived by his own testimony and it is not pretended he has any other. He must be limited to the right as he has set it forth in his claim.

*Exceptions overruled.*

CUTTING, WALTON, DICKERSON, and BARROWS, JJ., concurred.